# EXHIBIT A

1 | Michael Nourmand, Esq. (SBN 198439)
   | **THE NOURMAND LAW FIRM, APC**
2 | 8822 West Olympic Boulevard
   | Beverly Hills, California 90211
3 | Tel: (310) 553-3600; Fax: (310) 553-3603

4 | **BIBIYAN & BOKHOUR, P.C.**
   | David D. Bibiyan (SBN 287811)
5 | 1801 Century Park East, Suite 2600
   | Los Angeles, CA 90067-2328
6 | Tel; (310) 438-5555; Fax: (310) 300-1705

7 | Attorneys for Plaintiff, GUSTAVO
   | SEGURA SANTOYO, on behalf of
   | himself and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 0 3 2016

Sherri R. Carter, Executive Office/Clerk
By:_____, Deputy
Ishayla Chambers

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11 | GUSTAVO SEGURA SANTOYO, on
   | behalf of himself and all others similarly
12 | situated,

CASE NO.:   **BC 6 1 2 2 9 8**

**CLASS ACTION**

13

14 | Plaintiffs,

**CLASS ACTION COMPLAINT FOR:**

**1. FAILURE TO PAY OVERTIME WAGES;**

15 | v.

16 | CONSOLIDATED FOUNDRIES, INC., a
   | California corporation; CONSOLIDATED
17 | PRECISION PRODUCTS CORP., a
   | Delaware corporation; RESOURCE
18 | EMPLOYMENT SOLUTIONS, LLC, a
   | Florida corporation; and DOES 1 through
19 | 100, inclusive,

**2. FAILURE TO PAY MINIMUM WAGES;**

**3. FAILURE TO PROVIDE MEAL PERIODS;**

**4. FAILURE TO PROVIDE REST PERIODS;**

20 | Defendants.

**5. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;**

21

22 | **6. FAILURE TO PAY DUE WAGES AT TERMINATION;**

23 | **7. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, et seq.**

24

25 | **8. CIVIL PENALTIES UNDER LABOR CODE § 2699(a)**

26 | **DEMAND FOR JURY TRIAL**

27 | **[Demand Exceeds $25,000.00]**

28

Law Offices of
BIBIYAN & BOKHOUR
A Professional Corporation
1 Century Park East, Suite 2600
Los Angeles, CA 90067-2326
(310) 438-5555

CLASS ACTION COMPLAINT

COMES NOW plaintiff GUSTAVO SEGURA SANTOYO (at times hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by CONSOLIDATED FOUNDRIES, INC., a California corporation, CONSOLIDATED PRECISION PRODUCTS CORP, a Delaware corporation, RESOURCE EMPLOYMENT SOLUTIONS, LLC, a Florida corporation, and any of their respective subsidiaries or affiliated companies as set out below (at times hereinafter referred to as "Defendants"), within the State of California.

2. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to pay wages, including overtime wages, to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, including but not limited to, unevenly rounding time worked.

3. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

4. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and

1  failing to provide compensation for such unprovided rest periods as required by California
2  wage and hour laws.

3       5.     For at least four (4) years prior to the filing of this action and continuing to
4  the present, Defendants have failed to pay Plaintiff and other similarly situated employees
5  the full amount of their wages. owed to them upon termination. and/or resignation as
6  required by Labor Code sections 201 and 202.

7       6.     Plaintiff, on behalf of himself and all other similarly situated employees,
8  brings this action pursuant to, including but not limited to, Labor Code sections 200, 201,
9  202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2699, et al., and California Code of
10 Regulations, Title 8, section 11070, seeking overtime and minimum wages, premium
11 wages for missed meal and rest periods, penalties, and reasonable attorneys' fees and costs.

12      7.     Plaintiff, on behalf of himself and all other similarly situated employees,
13 pursuant to California Business and Professions Code sections 17200 through 17208, also
14 seeks all monies owed but withheld and retained by Defendants to which Plaintiff and
15 members of the Class are entitled.

16                                        **PARTIES**

17 **A.    Plaintiff**

18      8.     Plaintiff, GUSTAVO SEGURA SANTOYO, is a resident of Los Angeles
19 County, California. At all relevant times herein, Plaintiff is informed and believes, and
20 based thereon alleges that Defendants employed him as a non-exempt employee working
21 in Defendants' factory in the City of Cudahy, California, as an "x-ray trainee" from
22 approximately November of 2011 through August of 2015.

23 **B.    Defendants**

24      9.     Plaintiff is informed and believes and based thereon alleges that defendant
25 CONSOLIDATED FOUNDRIES, INC., is, and at all times relevant hereto was, a
26 corporation organized and existing under and by virtue of the laws of the State of
27 California, with its principal place of business in the City of Cleveland, State of Ohio.
28 Plaintiff is further informed and believes and based thereon alleges that CONSOLIDATED

1  FOUNDRIES, INC. is a subsidiary and/or affiliate of CONSOLIDATED PRECISION

2  PRODUCTS CORP., a Delaware corporation.

3      10.    Plaintiff is informed and believes and based thereon alleges that defendant

4  CONSOLIDATED PRECISION PRODUCTS CORP. is, and at all times relevant hereto

5  was, a corporation organized and existing under and by virtue of the laws of the State of

6  Delaware, with its principal place of business in the City of Cleveland, State of Ohio.

7  Plaintiff is further informed and believes and based thereon alleges that CONSOLIDATED

8  PRECISION PRODUCTS CORP. is a parent or affiliate of CONSOLIDATED

9  FOUNDRIES, INC.

10      11.    Plaintiff is informed and believes and based thereon alleges that defendant

11  RESOURCE EMPLOYMENT SOLUTIONS, LLC, is, and at all time relevant hereto was,

12  a corporation organized and existing under and by virtue of the laws of the State of

13  Florida, with its principal place of business in the City of Orlando, State of Florida.

14  Plaintiff is further informed and believes and based thereon alleges that RESOURCE

15  EMPLOYMENT SOLUTIONS, LLC performed staffing on behalf of CONSOLIDATED

16  PRECISION PRODUCTS CORP., CONSOLIDATED FOUNDRIES, INC., or both.

17      12.    The true names and capacities, whether individual, corporate, associate, or

18  otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently

19  unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code

20  of Civil Procedure section 474.  Plaintiff is informed and believes and based thereon

21  alleges that each of the defendants designated herein as DOE is legally responsible in some

22  manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend

23  this Complaint to reflect the true names and capacities of the defendants designated

24  hereinafter as DOES when such identities become known.

25      13.    Plaintiff is informed and believes, and based thereon alleges, that each

26  defendant acted in all respects pertinent to this action, as the agent of the other

27  defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent

28  hereto, and the acts of each defendant are legally attributable to the other defendants.

1 | Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include
2 | DOES 1 through 100 identified herein.

3 | **JURISDICTION**

4 |     16.    Jurisdiction exists in the Superior Court of the State of California pursuant to
5 | Code of Civil Procedure section 410.10.

6 |     17.    Venue is proper in Los Angeles, California pursuant to Code of Civil
7 | Procedure section 395. Los Angeles is where the contract between Defendants, or some of
8 | them, and Plaintiff, was made and performance thereunder due.  The unlawful acts alleged
9 | herein have a direct effect on Plaintiff and those similarly situated within Los Angeles and
10 | the State of California.  Moreover, Defendants employ numerous Class Members in Los
11 | Angeles and the State of California.

12 | **FACTUAL BACKGROUND**

13 |     18.    Plaintiff and other similarly situated employees have not been paid, during
14 | the relevant liability periods, wages for all time worked, including overtime wages, as a
15 | result of, including but not limited to, improperly rounding time worked by its employees.

16 |     19.    Defendants have had a consistent policy of failing to provide Plaintiff and
17 | other similarly situated employees or former employees within the State of California a
18 | thirty (30) minute uninterrupted meal period for days on which the employees worked
19 | more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal
20 | period for days on which the employees worked in excess of ten (10) hours in a work day,
21 | and failing to provide compensation for such unprovided meal periods.

22 |     20.    Plaintiff and other similarly situated employees or former employees at all
23 | times pertinent hereto were not exempt from the meal break provisions of California law,
24 | and the implementing rules and regulations of the IWC California Wage Orders.

25 |     21.    Defendants have had a consistent policy of failing to provide Plaintiff and
26 | similarly situated employees or former employees within the State of California rest
27 | periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and
28 | failing to provide compensation for such unprovided rest periods as required by California

5<br>CLASS ACTION COMPLAINT

1  wage and hour laws.

2      22.   Defendants have failed to comply with Labor Code section 226(a) by not

3  providing itemized wage statements accurately showing, including but not limited to, total

4  hours worked during the pay period and pay due and owing for meal and rest break law

5  violations.

6      23.   At the time Plaintiff's employment and the employment of other former

7  employees of Defendants ended, Defendants willfully failed to pay overtime wages,

8  minimum wages, and one hour of wages in lieu of each unprovided or interrupted meal

9  period and unprovided rest period.

10  **CLASS ACTION ALLEGATIONS**

11      24.   Plaintiff brings this action on behalf of himself and all others similarly

12  situated, as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks

13  to represent five Classes composed of and defined as follows:

14  **Non-Exempt Employee Class**

15      All current and former employees of Defendants within the State of
16  California at any time commencing four (4) years preceding the filing of
   Plaintiff's complaint up until the time that notice of the class action is
17  provided to the class (collectively referred to as "Non-Exempt Employee
   Class").
18

19  **Meal Period Class**

20      All current and former employees of Defendants within the State of
   California at any time commencing four (4) years preceding the filing of
21  Plaintiff's complaint up until the time that notice of the class action is
   provided to the class who worked shifts of five (5) hours or more
22  (collectively referred to as "Meal Period Class").

23

24  **Rest Period Class**

25      All current and former employees of Defendants within the State of
   California at any time commencing four (4) years preceding the filing of
26  Plaintiff's complaint up until the time that notice of the class action is
   provided to the class, who worked shifts of four (4) hours or more
27  (collectively referred to as the "Rest Period Class")

28

6
CLASS ACTION COMPLAINT

**Late Pay Class**

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and/or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**

All former employees of Defendants within the State of California to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

25. Plaintiff reserves the right under California Rule of Court rule 3.765(b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

26. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

A. **Numerosity**

27. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over five hundred Class Members employed by Defendants within the State of California.

28. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

/ / /

7
CLASS ACTION COMPLAINT

**B.**   **Commonality**

29.    There are questions of law and fact common to Class Members.   These common questions include, but are not limited to:

    (1)   Did Defendants violate Labor Code section 1194 by not compensating Class Members with overtime wages?

    (2)   Did Defendants violate Labor Code sections 1194 and 1197 by not paying Class Members minimum wages for all hours worked?

    (3)   Did Defendants violate Labor Code section 512 by not providing Class Members with meal periods?

    (4)   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or uninterrupted meal periods?

    (5)   Did Defendants violate Labor Code section 512 by not providing Class Members with rest periods?

    (6)   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

    (7)   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

    (8)   Are Defendants liable to Class Members for penalty wages under Labor Code section 203?

    (9)   Did Defendants violate Labor Code section 226(a) by not furnishing Class Members with accurate wage statements?

    (10)   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

    (11)   Are Class Members entitled to restitution of penalty wages under Business and Professions Code section 17203?

    (12)   Are Class Members entitled to costs and attorneys' fees?

1      (13)    Are Class Members entitled to interest?

2      (14)    Are Defendants liable for civil penalties pursuant to Labor Code

3           section 2699(a)?

**C.**    **Typicality**

30.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.**    **Adequacy of Representation**

31.    Plaintiff will fairly and adequately represent and protect the interest of the members of the Classes.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.**    **Superiority of Class Action**

32.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay overtime wages, failing to pay minimum wages, failing to provide meal and rest breaks or compensation in lieu thereof, failing to provide accurate itemized wage statements, and failing to pay all wages due upon termination and/or resignation.

33.    Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

/ / /

9

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – Against All Defendants)**

34.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

35.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

36.     At all times mentioned, Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that consisted or more than eight hours in a work day and/or more than forty hours in a work week and were not paid overtime wages for all hours worked as a result of, including but not limited to, Defendants' improper rounding of time worked by its employees.

37.     Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described above, Defendants willfully violated the provisions of Labor Code section 1194.

38.     As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5, and Civil Code section 3287.

**SECOND CAUSE OF ACTION**

**(Failure to Pay Minimum Wages – Against All Defendants)**

39.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

/ / /

40.     At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code section 1197 and applicable Wage Orders.

41.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

42.     As a result of Defendants' unlawful conduct, including but not limited to improperly rounding time worked, Defendants failed to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked in violation of Labor Code section 1197 and applicable Wage Orders.  As a result of Defendants' unlawful conduct, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

43.     Pursuant to Labor Code section 1194 and 1194.2, Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, penalties, prejudgment interest, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

44.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

45.     Pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Plaintiff and other members of the Meal Period Class were not provided with requisite meal periods as

1   contemplated under the law.

2       46.    Pursuant to Labor Code section 226.7, if an employer fails to provide an

3   employee with a meal period or rest period as provided in the applicable Wage Order of

4   the Industrial Welfare Commission, the employer shall pay the employee one additional

5   hour of pay at the employee's regular rate of compensation for each work day that the meal

6   period or rest period is not provided.

7       47.    By their failure to provide Plaintiff and members of the Meal Period Class

8   with the meal periods contemplated by California law, and failing to provide compensation

9   for such unprovided meal periods, as alleged above, Defendants willfully violated the

10   provisions of Labor Code section 512 and applicable Wage Orders.

11       48.    As a result of Defendants' unlawful conduct, Plaintiff and the other members

12   of the Meal Period Class have suffered damages in an amount, subject to proof, to the

13   extent they were not paid additional pay owed for missed meal periods.

14       49.    Plaintiff and the other members of the Meal Period Class are entitled to

15   recover the full amount of their unpaid additional pay for missed meal periods. Pursuant to

16   Code of Civil Procedure section 1021.5, Plaintiff and the other members of the Meal

17   Period Class are entitled to recover the reasonable attorneys' fees and costs of suit.

18       50.    Pursuant to Civil Code section 3287(a), Plaintiff and other members of the

19   Meal Period Class are entitled to recover prejudgment interest on the additional pay owed

20   for missed meal periods.

21                      **FOURTH CAUSE OF ACTION**

22           **(Failure to Provide Rest Periods – Against All Defendants)**

23       51.    Plaintiff realleges and incorporates by reference all of the allegations

24   contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

25       52.    California law and applicable Wage Orders require that employers "authorize

26   and permit" employees to take ten (10) minute rest periods in about the middle of each

27   four (4) hour work period "or major fraction thereof." Accordingly, employees who work

28   shifts of three and-a-half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid

rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period. Plaintiff and other members of the Rest Period Class were not provided with requisite rest periods as contemplated under the law.

53.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

54.     By their failure to provide Plaintiff and other members of the Rest Period Class with the rest periods contemplated by California law, and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

55.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed rest periods.

56.     Plaintiff and the other members of the Rest Period Class are entitled to recover the full amount of their unpaid additional pay for missed rest periods. Pursuant to Code of Civil Procedure section 1021.5, Plaintiff and the other members of the Rest Period Class are entitled to recover reasonable attorneys' fees and costs of suit.

57.     Pursuant to Civil Code section 3287(a), Plaintiff and other members of the Rest Period Class are entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

58.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

13

59.     At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code sections 201 and 202.

60.     Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

61.     Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code sections 201 or 202.  Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants had a practice of not paying upon termination, the wages owed to them as a consequence of overtime wages, minimum wages, and meal and rest period violations.

62.     Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

63.     Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

64.     Pursuant to Labor Code section 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

/ / /

14

65.     As a result of Defendants' unlawful conduct, Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

66.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code section 203.

67.     Pursuant to Labor Code sections 218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, and penalty wages under Labor Code section 203, reasonable attorneys' fees, and costs of suit. Pursuant to Labor Code section 218.6 or Civil Code section 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

68.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

69.     At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code section 226.

70.     Pursuant to Labor Code section 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

71.     Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code section 226(a).

/ / /

/ / /

72.   Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, among other things, pay due and owing for meal and rest break law violations and hours worked that were not paid.  Defendants' practices resulted and continue to result in the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

73.   Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional.  Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

74.   As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury.  The absence of accurate information on their Wage Statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies.

75.   Pursuant to Labor Code section 226(e), Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000.00 per employee.

77.   Pursuant to Labor Code sections 226(e) and 226(g), Plaintiff and the other members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code section 226(e), reasonable attorneys' fees and costs of suit.

/ / /

## SEVENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

78.   Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

79.   The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

80.   As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff and similarly situated Class Members have been deprived from not being compensated overtime wages, from not being compensated minimum wages, from not being provided with meal and rest breaks or compensation in lieu thereof, from not being paid all wages due upon termination or resignation, and from being provided with inaccurate wage statements.

81.   Pursuant to Business and Professions Code section 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

82.   Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

CLASS ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

### (Private Attorney General Act – Against All Defendants)

83.   Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

84.   During the period beginning one (1) year preceding the filing of the Complaint in this action (the "Civil Penalty Period"), Defendants violated, *inter alia*, Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, and 1197.

85.   Labor Code section 2699(a) and (g) authorizes an aggrieved employee, on behalf of himself and other current and former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

86.   Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.  On November 18, 2015, Plaintiff gave written notice to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specified provisions of the Labor Code alleged to have been violated and anticipates that the LWDA will elect not to investigate.

87.   Pursuant to Labor Code section 2699(a) and (f), Plaintiff and the Class she seeks to represent are entitled to recover civil penalties for Defendants' violations of the specified Labor Code sections during the Civil Penalty Period in the amount of one hundred dollars ($100) for each employee per pay period for the initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation.

88.   Pursuant to Labor Code section 2699(g), Plaintiff and the Class she seeks to represent are entitled to an award of reasonable attorneys' fees and costs in connection with their claims for civil penalties.

### PRAYER

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.   An order certifying that Plaintiff may pursue his claims against Defendants as a class action on behalf of the Class Members;

18

B.    An order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.    Penalties for inaccurate wage statements under Labor Code section 226(e);

D.    Damages for unpaid wages under Labor Code sections 201 and 202;

E.    Damages for unpaid penalty wages under Labor Code section 203;

F.    Damages for unpaid wages for missed meal periods under Labor Code section 226.7;

G.    Damages for unpaid wages for missed rest periods under Labor Code section 226.7;

H.    Damages for minimum wages;

I.    Damages for premium wages;

J.    Liquidated damages for unpaid minimum wages;

K.    Damages for unpaid overtime wages under Labor Code section 1194;

L.    Restitution under Business and Professions Code section 17203;

M.    Pre-judgment interest;

N.    Costs;

O.    For all penalties provided by Labor Code section 2699(a)-(f);

P.    Reasonable attorneys' fees; and

Q.    Such other and further relief as the Court deems just and proper.

Dated: March 3, 2016                    BIBIYAN & BOKHOUR, P.C.

BY: _____
DAVID D. BIBIYAN
Attorneys for Plaintiff GUSTAVO SEGURA
SANTOYO, on behalf of himself and all others
similarly situated

19

CLASS ACTION COMPLAINT

CONFORMED COPY   CM-010
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 0 3 2016

Sherri R. Carter, Executive Office/Clerk

By: _____, Deputy
Ishayia Chambers

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| BIBIYAN & BOKHOUR, P.C. |
| David D. Bibiyan (Cal. Bar No. 287811) |
| Mehrdad Bokhour (Cal. Bar No. 285256) |
| 1801 Century Park East, Suite 2600, Los Angeles, California. 90067 |
| TELEPHONE NO.: 310-438-5555   FAX NO.: 310-300-1705 |
| ATTORNEY FOR *(Name):* Plaintiff GUSTAVO SEGURA SANTOYO |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District -- Stanley Mosk Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 6 1 2 2 9 8 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 2, 2016
David D. Bibiyan
_____
(TYPE OR PRINT NAME)
▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: SANTOYO v. CONSOLIDATED FOUNDRIES, INC., et al. | CASE NUMBER BC 6 1 2 2 9 8 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | | | | |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: SANTOYO v. CONSOLIDATED FOUNDRIES, INC., et al. | CASE NUMBER |
|---|---|

| | | | | |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 | Other Employment Complaint Case | ① 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: SANTOYO v. CONSOLIDATED FOUNDRIES, INC., et al. | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: SANTOYO v. CONSOLIDATED FOUNDRIES, INC., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>8333 Wilcox Avenue |
|---|---|

| CITY:<br>Cudahy | STATE:<br>CA | ZIP CODE:<br>90201 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 2, 2016

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

BC 6 1 2 2 9 8.

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

*This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.*

MAR 0 3 2016

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)                                                          Ishayla Chambers
LASC Approved 05-06                                        By _____, Deputy Clerk
For Optical Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                                 (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ▶  _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____          ▶  _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ▶  _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ▶  _____
     (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          ▶  (ATTORNEY FOR _____)
     (TYPE OR PRINT NAME)
Date:

_____          ▶  (ATTORNEY FOR _____)
     (TYPE OR PRINT NAME)
Date:

_____          ▶  (ATTORNEY FOR _____)
     (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.   Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.   Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____ > _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____   (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

Date: _____

_____ > (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

Date: _____

_____ > (ATTORNEY FOR_____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Court's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
   ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER -- MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:
_____     ►  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:
_____     ►  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:
_____     ►  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:
_____     ►  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:
_____     ►  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:
_____     ►  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>GUSTAVO SEGUARA SANTOYO, on behalf of himself and all others<br>similarly situated<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>See SUM-200 (attached as Page 2) | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 0 3 2016<br><br>Sherri R. Karlson, Executive Office/Clerk<br><br>By: _____, Deputy<br>Ishayla Chambers |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse;<br>Superior Court of California for the County of Los Angeles -- Central<br>District: 111 North Hill Street, Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 6 1 2 2 9 8 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David D. Bibiyan, 1801 Century Park East, Suite 2600, Los Angeles, California 90067

| DATE:<br>*(Fecha)* SHERRI R. CARTER | Clerk, by<br>*(Secretario)* Ishayla Chambers _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Consolidated Foundries, Inc., a California Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

MAR 0 3 2016

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SANTOYO v. CONSOLIDATED FOUNDRIES, INC., et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CONSOLIDATED FOUNDRIES, INC., a California corporation; CONSOLIDATED PRECISION PRODUCTS CORP., a Delaware corporation; RESOURCE EMPLOYMENT SOLUTIONS, LLC, a Florida corporation; and DOES 1 through 100, inclusive.

Page **2** of **2**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons