**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02232 BRO (SSx) | Date | October 13, 2016 |
|---|---|---|---|
| Title | GUSTAVO SEGURA SANTOYO V. CONSOLIDATED FOUNDRIES, INC. ET AL | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

## I. INTRODUCTION

Pending before the Court is Plaintiff Gustavo Segura Santoyo's ("Plaintiff") Motion to Remand. (Dkt. No. 15 (hereinafter, "Mot.").) After considering the papers filed in support of the unopposed instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a California resident, worked for Consolidated Foundries Inc. ("Consolidated Foundries"), Consolidated Precision Products Corp. ("Precision Products"), and Resource Employment Solutions LLC ("Resource Employment") (collectively, "Defendants") from November 2011 through August 2015. (Dkt. No. 1 (hereinafter, "Removal"), Ex. 1 (hereinafter, "Compl.") ¶ 8.) Consolidated Foundries is a California corporation with its principal place of business in Ohio. (*Id.* ¶ 9.) Precision Products is the parent corporation to Consolidated Foundries[1] and is a Delaware corporation with its principal place of business in Ohio. (*Id.* ¶¶ 9–10.) Resource Employment is a Florida corporation with its primary place of business in Florida and is the staffing company for the Consolidated Defendants. (*Id.* ¶ 11.)

---

[1] The Court refers to Precision Products and Consolidated Foundries collectively as the "Consolidated Defendants."

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02232 BRO (SSx) | Date | October 13, 2016 |
|---|---|---|---|
| Title | GUSTAVO SEGURA SANTOYO V. CONSOLIDATED FOUNDRIES, INC. ET AL | | |

Plaintiff alleges that Defendants failed: (1) to pay employees overtime wages because they improperly rounded the time that employees worked, (*id.* ¶ 18); (2) to provide employees meal periods and rest periods as required by California law, (*id.* ¶¶ 19–21); and, (3) to provide itemized wage statements showing the total hours worked and the pay due for skipped meal and rest breaks, (*id.* ¶ 22).

Plaintiff, on behalf of himself and all similarly situated employees, filed this class action on March 3, 2016, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"). (*See* Compl.) Plaintiff alleges the following eight state law causes of action against Defendants: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay wages due upon termination; (6) failure to provide accurate wage statements; (7) unfair competition under California Business and Professions Code section 17200; and, (8) civil penalties for violation of the Private Attorney General Act ("PAGA"), California Labor Code section 2699. (Compl. ¶¶ 34–88.)

On April 1, 2016, Consolidated Defendants filed a Notice of Removal in this Court based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*See* Removal.) On May 2, 2016, Resource Employment filed a Joinder to the Notice of Removal, (*see* Dkt. No. 13), and Plaintiff filed the instant Motion to Remand back to Los Angeles Superior Court, (*see* Mot.). Defendants filed their Answer on May 16, 2016. (Dkt. No. 23.) On September 19, 2016,[2] Consolidated Defendants filed a Statement of Non-Opposition to Plaintiff's Motion to Remand, (*see* Dkt. No. 27), and on September 30, 2016, Resource Employment filed its own Statement of Non-Opposition, (*see* Dkt. No. 28).[3]

---

[2] The parties twice stipulated to the continuation of the hearing on the instant Motion. (Dkt Nos. 21, 25.)

[3] Though Defendants do not oppose this Motion, the Court is under a continuing duty to determine its own subject matter jurisdiction. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Thus, the Court must determine whether it has subject matter jurisdiction or whether this case should be remanded to Los Angeles Superior Court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02232 BRO (SSx) | Date | October 13, 2016 |
|---|---|---|---|
| Title | GUSTAVO SEGURA SANTOYO V. CONSOLIDATED FOUNDRIES, INC. ET AL | | |

### III.  LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to CAFA, a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as the class has more than 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B). Generally, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citation omitted).

As noted above, to meet the diversity requirement under CAFA, a removing defendant must show "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Thus, under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citations omitted).

To meet the amount-in-controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). This requires only a "short and plain statement" of the grounds for removal. 28 U.S.C. § 1446; *Dart*, 135 S. Ct. at 553–54. This language tracks that of Federal Rule of Civil Procedure 8(a), and the Supreme Court has instructed courts to apply this same liberal pleading standard in cases of removal involving CAFA. *See Dart*, 135 S. Ct. at 553. But where "the plaintiff contests, or the court questions, the defendant's allegation" in its notice of removal, further evidence establishing that the amount in controversy meets the jurisdictional minimum is required. *Id.* at 554. Though there no presumption against removal exists, the Court must determine, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-02232 BRO (SSx) | Date | October 13, 2016 |
|---|---|---|---|
| Title | GUSTAVO SEGURA SANTOYO V. CONSOLIDATED FOUNDRIES, INC. ET AL | | |

## IV. DISCUSSION

Plaintiff seeks to have the instant case remanded to state court. Plaintiff claims that Defendants have failed to meet their burden to prove jurisdiction under § 1332(d), and therefore, removal was improper. (*See* Mot. at 3–4.) Defendants do not oppose Plaintiff's Motion. For the following reasons, the Court finds that removal was improper and remand is appropriate.

### A. Defendants Have Failed to Show Diversity of the Parties

First, Plaintiff alleges that Defendants have failed to sufficiently plead that there is minimal diversity of citizenship among the parties. (*See* Mot. at 6–7.) As explained above, minimal diversity requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). However, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Failure to specify a plaintiff's state citizenship is fatal to a defendant's assertion of diversity jurisdiction. *Id.* Here, Defendants assert that Plaintiff is a citizen of California because he is resident of California. (Removal ¶ 12.) But a "person's state citizenship is [] determined by [their] state of domicile, not [their] state of residence." *Kanter*, 265 F.3d at 857. A "person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (alteration in original) (citations omitted). Defendants have not provided any evidence that Plaintiff has established a fixed habitation in California or that Plaintiff intends to remain in California permanently, but only that Plaintiff currently resides in California. (*See* Removal ¶ 12). Therefore, the Court finds that the Defendants have failed to affirmatively allege Plaintiff's citizenship and have provided no citizenship information regarding any other potential class members. As such, the Court finds that Defendants failed to sufficiently plead minimal diversity as required by § 1332(d).

### B. Defendants Have Failed to Show that Damages Exceed $5,000,000

Moreover, even assuming Plaintiff is domiciled in California, Defendants have failed to establish that it is more likely than not that damages in this action meet the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02232 BRO (SSx) | Date | October 13, 2016 |
|---|---|---|---|
| Title | GUSTAVO SEGURA SANTOYO V. CONSOLIDATED FOUNDRIES, INC. ET AL | | |

jurisdictional minimum. "The district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). Here, Defendants assert the amount in controversy in this action, without attorneys' fees, is between $4,826,141 and $20,824,841. (Removal ¶ 32.) Of the alleged maximum damages amount of $20,824,841, $3,639,641 of the alleged damages arise from non-PAGA claims while $17,185,200 arise from PAGA claims. (*Id.* ¶¶ 24–32.) However, the Ninth Circuit has held that PAGA claims are not class actions claims, *see Baumann v. Chase Inv. Servs. Corp*, 747 F.3d 1117, 1124 (9th Cir. 2014), and that "the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount," *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015). Therefore, the Court cannot consider any damages arising from the PAGA claims to determine if the amount in controversy exceeds $5,000,000.

In their Removal, Defendants contend that the Court should include attorneys' fees when calculating the amount in controversy. (Removal ¶¶ 33–38.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks attorneys' fees under California Labor Code sections 218.5 and 1194. (Compl. at 19; Removal ¶ 33.) However, Defendants estimate that the attorneys' fees amount to $416,666.62. (Removal ¶ 35.) Thus, even including attorneys' fees, the amount in controversy equals only $4,056,307.62 (attorneys' fees along with the $3,639,641 in non-PAGA damages). Thus, Defendants fail to establish that it is more likely than not that the amount in controversy exceeds the $5,000,000 jurisdictional minimum under CAFA.

Therefore, the Court finds that Defendants have not sufficiently established evidence that there is minimal diversity in this case or that the amount in controversy exceeds $5,000,000. Because Defendants failed to establish the requirements for diversity jurisdiction under CAFA, the Court finds that removal was improper. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02232 BRO (SSx) | Date | October 13, 2016 |
|---|---|---|---|
| Title | GUSTAVO SEGURA SANTOYO V. CONSOLIDATED FOUNDRIES, INC. ET AL | | |

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has established grounds for remand in this case. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand. The hearing currently set for Tuesday, October 17, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**                                               :

                                Initials of Preparer          rf